# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.   98CR6147-RNS

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

UNITED STATES DISTRICT COURT

REC'D by _H.H._ D.C.

JAN 0 6 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

FILED by _P.G._ D.C.

JAN 0 6 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES OF AMERICA

CASE NO.: 98-6147-CR-SCOLA

V.

CASE NO.: 99-114-CR-SCOLA

James Peter Sabatino )

\* E M E R G E N C Y \*

MOTION to RECUSE SOUTHERN
DISTRICT OF FLORIDA JUDGES &
ENFORCE the ORDER OF the 11th
CIRCUIT COURT OF APPEALS

COMES NOW the DEFENDANT, PRO-SE
AND RESPECTFULLY FILES this MOTION to RECUSE the
COURT, AS WELL AS ALL SOUTHERN DISTRICT OF FLORIDA
JUDGES, PER the STILL ENFORCEABLE ORDER OF the
11th CIRCUIT COURT OF APPEALS and AS GROUNDS
WILL STATE the FOLLOWING:

IN AUGUST OF 1998 the DEFENDANT
WAS CHARGED WITH A CRIMINAL COMPLAINT WITH
AMONG OTHER THINGS THREATENING to KILL tWO
U.S. DISTRICT COURT JUDGES, INCLUDING then
SENIOR U.S. DISTRICT COURT JUDGE JOSE GONZALEZ
AS WELL AS A THREAT to BLOW UP the ENTIRE
U.S. DISTRICT COURTHOUSE, IN FLORIDA.

— 1 —

After the defendant's arrest possibly numerous of judges, both on their own and pursuant to motions began to recuse themselves due to the status of the alleged victims and the possible appearance of impartiality. After I believe the fourth or fifth (the docket/record will speak for itself) judge recused themselves, the case was referred to then chief judge Edward Davis who himself referred it to the 11th circuit court of appeals.

Sometime in 1999 the chief judge of the 11th circuit court of appeals issued an order that in effect recused the entire southern district of Florida and ordered that a U.S. district court judge from the northern district of Florida assigned to preside over the case.

Soon after judge Stephen P. Mickle was selected to preside over both the 98-6147 and 99-114 case. Judge Mickle flew down from gainsville Florida to preside over the trial.

This, it should be noted was done over the objections of the government, as the entire southern district judicial bench agreed along with the 11th circuit court of appeals it was improper for a southern district of Florida appointed judge to preside over the defendants cases.

-- 2 --

However after the Defendant's Trial conviction, the Defendant was convinced to waive the conflict of interest and allow Chief Judge Edward Davis to sentence him, which he did. But as the record will reflect from the Defendants subsequent filings, the Defendant believes that this conflict according to firm case law is NOT waivable. The courts have long held that an conflict with a Judge (or potential conflict) can not be waived.

However this point should arise only if the Defendant were to waive this conflict with this honorable court, which he has not done so. In 2000 the Defendant only "waived" the conflict (erronously) for the purposes of sentencing in the 2 cases. This is substantiated by the fact that future motions were all referred to the Hon. Judge Mickle. Judge Mickle continued to be the assigned District court Judge up until the last proceeding that probates the violations of Supervised Release that are now in front of this court.

The Defendant was not consulted if he had any objection to these cases being reassigned to a southern District of Florida sitting Judge. While the original charges of Death Threats were long ago, the Defendant

-3-

and Recusals still exist, although Judge Gonzalez
and others have long retired. Many other alleged
victims who the Defendant assumes this court
knows on Professional and business level. As
was pointed out in the earlier recusal motions,
the threats to blow up the U.S. District court-
house in Ft. Lauderdale rendered every employee
who worked there in 1998 potential victims, for
instance Magistrates Judges Seltzer and Snow (Both
of whom also Recused themselves).

But again the court should only have to
consider this assuming there is a superseding
order from the 11th circuit that in effect
Recused the southern District Bench or a waiver
of conflict from the Defendant (which we maintain
is not Possible) This 11th circuit order was filed
on the Docket of case # 98-6147-cr.

WHEREFORE the Defendant Respectfully
prays this Honorable court Recuse itself from
Further Proceedings in this case and for the 11th
circuit court of appeals order Refer this case back
to another District for assignment of a Judge the
Defendant Respectfully prays this Honorable court
address this issue right away, as it has already
Ruled on motions (of an important nature) in
this case. The Defendant Respectfully wishes

— 4 —

court with no conflict. That is the basis of the emergency nature.

12/31/13
DATE

RESPECTFULLY SUBMITTED,

James Sabatino
Jail # 130061086
Metro West Detention Center
13850 N.W. 41st St
Miami, Fl. 33178


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY A TRUE AND COPY OF the FOREGOING WAS SENT BY THE U.S POSTAL SERVICE to the U.S. ATTORNEY'S OFFICE IN MIAMI, FLORIDA ON THIS 31st DAY OF DECEMBER, 2013

BY:
James Sabatino