**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   98CR6147-RNS**

**The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE**

UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,

v.

JAMES PETER SABATINO

CASE NO: 98-6147-CR-RNS

FILED by H.H. D.C.
APR 24 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. - MIAMI

MOTION TO RECONSIDER THE COURTS DENIAL TO RECUSE U.S. ATTORNEY

COMES NOW the defendant James Peter Sabatino, pro-se and files this motion for the court to reconsider its denial of previous motion to recuse the US attorney and as grounds will state the following:

On 4/22/14 the defendant received both the U.S. attorney's response to the motion for recusal and the courts denial (DE #108). In this courts denial it states that it is "For the reasons set forth in government's response (DE #107)."

The governments response fails to address the defendants main argument. To be specific the government makes note that "during the past 15 years the defendant never complained that his sentence was unfair or that the United States attorney's office showed

-1-

Monroe, the defendant continued to complain to his then counsel Allen S. Kaufman, but either way the point the government makes is irrelevant to the defendants argument why at the very least A.U.S.A. Jeffrey Kaplan.

As the defendant pointed out in his original motion, he just became aware that A.U.S.A. is serving as co-counsel with 2 of the alleged victims in this case, that is A.U.S.A's Paul Schwartz and Jeffrey Kay. This case began years after the defendants case was over. Before this the defendant knew of no other direct connection (other then working in the same office) to not just one but two of the victims in the case.

The government cited a host of cases from the D.C., 2nd, 3rd, 6th and 10th circuits making a case why the entire U.S. Attorneys office should not be disqualified. Interestingly he did not cite a single 5th or 11th circuit case.

But as the court noted in United States v. Basciano and United States v. Whittaker "even when individual prosecutor had an arguable conflict disqualification of an entire office was unwarranted"

-2-

position, it only states that the entire office should not be disqualified. The government did not cite any actual case where a individual A.U.S.A. was not disqualified for a conflict. In this case the defendant shows much more than just an "arguable conflict". The A.U.S.A. assigned to this case is co counsel with not just one but two other victims in this case.

It should be noted at no time in the governments 6 page response did they specifically address this issue. The defendant contends that A.U.S.A. Kaplan's conflict is not arguable, again the fact that he is on the same case as the 2 victims would make it clear error to stay on the case. The government argument that this issue has not been brought before the court earlier is without merit since as stated A.U.S.A. Kaplan's co counsel duties on the Rothstein case was present.

The defendant takes issue with the governments claims that the defendant's allegation that he was told by arresting officers that A.U.S.A Kaplan made negative comments about the defendant are

- 3 -

is upset that the government will not transfer the defendant into federal custody..."

The defendant did not lie to this court. In fact this statement was made by not one but two officers and in front of at least 3 witnesses. I can't speak on the governments claim that they never spoke to officers prior to the arrest, but the defendants attorney Stephanie Patton is in the process of scheduling depositions with the officers (U.S. Marshalls) and witnesses. The defendant stands by his claim that those statements (true or not) were made to him.

As for the matter of the government not transferring the defendant, while it is true that he is "upset", it is only because he strongly believes that it shows the bias of the A.U.S.A.. The defendant is aware of several cases where the defendant was allowed to go to federal court to resolve supervised release violations while still dealing with the state charges. This is especially true when the defendant offered to concede to the violations to resolve the case.

Lastly the government continues to make reference to a alleged crime in Beverly Hills, California. The defendant was

-5-

to stay on the case. This is error.

## CONCLUSION

WHEREFORE the defendant respectfully requests this Honorable Court reconsider its denial of the motion to recuse and at the least order the recusal of A.U.S.A. Jeffrey N. Kaplan for conflict.

Respectfully submitted,

4/22/14
Date

James A. Sabatino
Jail # 13006086
TGK Correctional Center
7000 S.W. 41st St.
Miami, FL. 33166

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of this motion was sent by U.S. Mail to the U.S. Attorneys Office via US mail on 4/22/14.

JAMES P. SABATINO
#13061086
FCI CORRECTIONAL CENTER
P.O. 41 ST.
MIAMI, FL. 33166

Sincerely,

[signature]

USMS INSPECTED
RECEIVED
MIAMI FL 331
APR 25

U.S. DISTRICT COURT
OFFICE OF THE CLERK
ROOM 8209
400 NORTH MIAMI AVE.
MIAMI, FL. 33128-7716

FOREVER USA